IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LAURIE BORDOCK                                                                                        PLAINTIFF

V.                                                  NO.  13-2184

THE CITY of FORT SMITH,
ARKANSAS and
SEBASTIAN COUNTY HUMANE SOCIETY                                            DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  The case is before me for a determination of whether service of process should issue.  For the reasons stated below, it is my recommendation that the complaint be dismissed.

### 1.  Background

The Plaintiff filed her initial complaint in the Eastern District of Arkansas and the case was transferred to the Western District on July 31, 2013. (ECF No. 3).   The "complaint" was in letter form and seemed to assert that the City of Fort Smith and the Sebastian County Humane Society would not return a certain number of cats that were seized from the Plaintiff. (Id., ECF No. 1). Subsequently the Plaintiff filed five additional letters with the clerk's office which were entitled as Supplements. (ECF No. 8,9, 10, 11, and 12).

According to District Court Records for Sebastian County the Plaintiff was arrest on July 1, 2013 for  Obstructing Government Operations; August 28, 2013 for Disorderly Conduct; and September7, 2013 for Failure to Appear.  She pleaded guilty to all offenses but no fines were imposed. (Exhibit 1).  It appears that Ms. Bordock was in the Sebastian County Detention Center from July 2, 2013 to July 5, 2013; August 29, 2013;  and from September 7, 2013 to September 18, 2013.  (Exhibit 2).   According to the complaint the Plaintiff states that the Defendants have her three cats and will not return them until fees and costs associated with their boarding are paid.   As relief, Plaintiff seeks  the court to order the Defendants to return her cats.

**2.  Discussion**.

A.  Rule 8:

    Rule 8 of the Federal Rules of Civil Procedure states in part that:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.  See Federal Rules of Civil Procedure Rule 8

    The Plaintiff's complaint is a rambling hand written compilation of many different documents and violates the above Rule.  Notwithstanding the court has construed her claim under 1983 to be one for a depravation of due process by unlawfully withholding the return of her cats. See *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (holding a pro se complaint must be liberally construed); *See Smith v. Hundley*, 190 F. 3d 852, 855 *quoting Miles v. Ertl Co.*, 722 F.2d 434, 434 (8th Cir.1983) (pro se pleadings must be liberally construed); see also Fed.R.Civ.P. 8(f) ("all pleadings shall be so construed as to do substantial justice").

B.  1983 Claim:

    Pursuant to 28 U.S.C. § 1915(e), the Court has the obligation to screen any complaint in which the Plaintiff seeks to proceed *in forma pauperis* (IFP).  Section 1915(e)(2)(B)(i-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

    The claims in this case are clearly subject to dismissal as they are frivolous or fail to state claims upon which relief may be granted.

Plaintiff does not state how the Sebastian County Humane Society came into possession or control of her cats. The court notes, however, that the Plaintiff contends that she is homeless. The court also notes that the Plaintiff was booked into the SCDC on three separate occasions between July 2, 2013 and September 7, 2013. It is clearly possible that the animals were picked up during or because of one of her incarcerations.

To the extent the Plaintiff may claim that her cause of action arose out of her arrest her claim is baseless because she entered a plea of guilty on all of the charges that she was booked into the SCDC on. A § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. *Heck v. Humphrey* 512 U.S. 477, 489-490, 114 S.Ct. 2364, 2374 (U.S.Ind.,1994).

It would also appear that the Defendants in this case, based upon the facts as the court can discern, would be immune. The Plaintiff was lawfully arrested and the animals were lawfully impounded. Official immunities are of two types: absolute and qualified. Absolute immunity defeats a damage suit at the pleading stage, once it appears the actions complained of were within the immunity's scope; qualified immunity is available only if the evidence shows that those actions were taken in good faith, I. e., with a reasonable belief that they were lawful. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). *Gorman Towers, Inc. v. Bogoslavsky* 626 F.2d 607, 611 (C.A.Ark., 1980). There is nothing to show that the any action of the City of Fort Smith or the Sebastian County Humane Society was not taken in good faith.

### 3. Conclusion

Accordingly, I recommend that the Motion for Leave to Proceed In Forma Pauperis (ECF No. 1) be **DENIED,** the Motion for Order to Return Cats (ECF No. 7) be **DENIED** and complaint be **DISMISSED** as the claims asserted are frivolous or fail to state claims upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i-ii).

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in**

**which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

    Dated this October 11, 2013

                                                  /s/ *J. Marschewski*
                                              HONORABLE JAMES R. MARSCHEWSKI
                                              Chief U. S. Magistrate Judge